IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kon Bagat,<br><br>            Petitioner,<br><br>vs.<br><br>Albert Carter, et al.,<br><br>            Respondent. | No. 2:15-cv-01373-JJT-JZB<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

On July 20, 2015, Petitioner Kon Bagat, who was then detained at the Immigration and Customs Enforcement Eloy Detention Center in Eloy, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.)

**I.      SUMMARY OF CONCLUSION**

Petitioner asserts that he has been detained for more than six months beyond the date of his final order of removal, in violation of the decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1.)   In his Petition, Petitioner seeks release from detention under an order of supervision.  However, Petitioner has been released from custody under an order of supervision dated September 4, 2015. (Doc. 10-1.)   Therefore, the Petition is now moot.

## II. BACKGROUND

### A. FACTS OF THE CASE

Petitioner is a native and citizen of North Sudan. (Doc. 1 at 4.) In March 2009, an Immigration Judge ordered Petitioner removed to North Sudan. (*Id.*) Petitioner did not appeal. On January 9, 2015, Petitioner was transferred from criminal custody to the custody of Immigration and Customs Enforcement ("ICE"). (*Id.*) On January 10, 2015, Petitioner arrived at the Eloy Detention Center in Eloy, Arizona. (*Id.*) Petitioner avers he has fully cooperated in efforts to obtain his travel documents. (*Id.*)

### B. FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On July 20, 2015, Petitioner filed a Petition pursuant to § 2241, asserting that he has been detained for more than six months beyond the date his order of removal became final, in violation of the United States Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1.)  In his habeas Petition, Petitioner seeks his immediate release from detention, under an order of supervision. (*Id.*)  Petitioner alleges that, because his removal is not significantly likely to occur in the reasonably foreseeable future, his continued detention violates the holding of *Zadvydas*.

On September 11, 2015, Respondents filed a Notice stating that Petitioner has been granted the relief requested in his habeas Petition, i.e., Petitioner has been released from custody under an order of supervision dated September 4, 2015. (Doc. 10-1) ("Because the Service has not affected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions …").   Therefore, Respondents argue, the Petition is now moot. (Doc. 10.)

## III. PETITIONER'S PETITION IS MOOT.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a court in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241.  "The case or controversy requirement of Article III admonishes federal courts to avoid premature adjudication and to abstain from entangling themselves

in abstract disagreements." *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1208 (10th Cir. 1999) (internal quotation marks and citations omitted). The Court must dismiss a case as moot if, at any point, it becomes certain either that "'the allegedly wrongful behavior could not reasonably be expected to recur,'" *Friends of the Earth Inc. v. Laidlaw Environmental Assoc. (TOC), Inc.*, 528 U.S. 167 (2000) (citation omitted), or that there is no effective relief remaining for the court to provide. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996).

The Court does not have subject matter jurisdiction to consider a habeas claim that is moot. *See*, *e.g.*, *McCullough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013). Petitioner's case is rendered moot by the fact that he has received the relief requested. *See Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases wherein a petitioner's release from detention or parole or their removal rendered a habeas petition moot); *Flores–Torres v. Mukasey*, 548 F.3d 708, 710 & n.3 (9th Cir. 2008) (dismissing as moot a challenge to immigration detention without a hearing because the alien had subsequently received a hearing). *Compare Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006) (finding habeas petition was not moot where petitioner's supervised release left open the possibility of the court's issuance of effectual relief).

**IV.     CONCLUSION**

Petitioner no longer has a personal stake in the outcome of his argument because he has been afforded the relief sought from Respondents. Because Petitioner no longer has a personal stake in the relief sought, his Petition is moot. *Abbot v. Federal Bureau of Prisons*, 771 F.3d 512, 513 (9th Cir. 2014). *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117-18 (9th Cir. 2010).

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 28th day of October, 2015.

Honorable John Z. Boyle
United States Magistrate Judge